**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT R. DELANE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-07-1193 |
| WARDEN | : | |
| Defendant | : | |

o0o

## MEMORANDUM OPINION

On May 21, 2007, the undersigned ordered Plaintiff to supplement the Complaint in the above-captioned case. Paper No. 2. Plaintiff supplemented the Complaint, clarifying that he is pursuing a claim for monetary damages against individual officials involved in his pending criminal prosecution. *See* Paper Nos. 3, 4 and 5. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis will be granted. Paper No. 7. For the reasons that follow, however, the Complaint must be dismissed.

Plaintiff's claims against members of the Maryland judiciary are barred by the doctrine of judicial immunity. See Forrester v. White, 484 U.S. 219, 226–27 (1988) ( "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Plaintiff has not yet stood trial on the charges for which he is currently being detained. In the event he is convicted of the charges pending against him, he may avail himself of the appeal process. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Id.

The claim for damages against the prosecuting attorneys involved in Plaintiff's case is based upon conduct "intimately associated with the judicial phase of the criminal process." Imbler v.

Pachtman, 424 U.S. 409, 430 (1976). Thus, the prosecutor is entitled to absolute immunity from a civil suit for damages. The decision to pursue criminal charges against Plaintiff is within the ambit of prosecutorial duties that are afforded absolute immunity. See Nivens v. Gilchrist, 444 F. 3d 237, 250 (4th Cir. 2006) (absolute immunity for prosecutor's decision to initiate criminal charges).

To the extent that Plaintiff alleges his constitutional rights are violated by the pending criminal charges against him, this court is presently without jurisdiction to hear those claims. As a matter of comity, this court will not intervene in a matter that the state courts have not had an opportunity to address. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). In addition, the Anti-Injunction Act prohibits this court from enjoining proceedings in state court. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Heck v. Humphrey, 512 U. S. 477, 487 (1994). As such, Plaintiff's claims for damages cannot be entertained by this court unless he has first successfully challenged his criminal conviction.

A separate order follows.

Date: 7/5/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE